IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| PEOPLESSOUTH BANK, a Georgia Banking Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:11cv36-MHT (WO) |
| FARMER & MALONE, P.A., an Alabama Legal Professional Association, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| PEOPLESSOUTH BANK, a Bank Chartered in Georgia, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:11cv176-MHT |
| ROBERT O. LISENBY, JR., an Individual, et al., | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff PeoplesSouth Bank ("PSB") is pursuing this lawsuit against defendant Farmer & Malone under the Alabama Legal Services Liability Act, 1975 Ala. Code

§§ 6-5-570 to -581.* Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity). The lawsuit is now before the court on PSB's motion to amend its complaint. For the reasons that follow, that motion will be denied.

I.  BACKGROUND

PSB filed its initial complaint in this case on January 14, 2011. It was later consolidated with a related matter and the parties were given until June 10 to file a joint Rule 26(f) report, that is, a report pursuant to Fed. R. Civ. P. 26(f). On June 7, PSB submitted that report, which requested that July 1 be set as the "[f]inal date[] for plaintiff to amend pleadings or join parties." Report of Parties' Planning Meeting (Doc. No. 25) at 5. On June 14, this court entered a scheduling order affording PSB two additional weeks and

---

*This case has been consolidated with a related action brought by PSB against defendants Robert Lisenby, Charles North, and Plum Creek Timberlands. The issue before the court relates only to the dispute between PSB and Farmer & Malone.

2

setting July 15 as the deadline.  That order also gave both parties 14 days to raise any objections to the dates set within.  Neither party raised an objection.

On July 15, PSB moved to amend its complaint in the consolidated cases.  That motion was granted three days later and the parties have since been proceeding on PSB's first amended complaint as well as the initial complaint in this case.

For more than nine months and without major incident, the parties progressed toward the pretrial conference, which is set for May 18, 2012, and the trial, which is set for June 20, 2012.  However, on April 27--only three weeks before the scheduled pretrial conference--PSB moved to amend its initial complaint.  Farmer & Malone objected, and this court held a telephone conference on the matter on May 4.

II. DISCUSSION

"Both Rules 15 and 16 of the Federal Rules of Civil Procedure facially guide the court's decision whether to allow an untimely amendment to the complaint." <u>Nobles v. Rural Cmty. Ins. Servs.</u>, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004) (Thompson, J.). Rule 15 provides that, "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 states that, "The court should freely give leave when justice so requires." <u>Id</u>. Rule 16, on the other hand, requires the district court to issue a scheduling order that "limit[s] the time to ... amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has been issued, the

4

"schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"The Eleventh Circuit Court of Appeals has found that Rule 16's good-cause standard governs a party's ability to amend [its] complaint after the district court has entered a scheduling order." Nobles, 303 F. Supp. 2d at 1283 (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). "It is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15." Id. In this case, PSB's motion to amend was filed more than nine months after the scheduling-order deadline. Thus, the court must determine whether it has shown good cause for this court to modify that order.

PSB, both in its briefing and during this court's conference call on the matter, has failed even to attempt to show "good cause" for its delay in filing this motion to amend and has instead attempted to situate this case

5

with the more forgiving Rule 15 standard. As explained above, and as repeatedly affirmed in this circuit's case law, see Pugh v. Kobelco Constr. Mach. Am., LLC, 413 F. App'x 134, 135 (11th Cir. 2011); Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008), this court may amend its scheduling order--a document to which both parties agreed--only on a showing of good cause.

The good-cause standard applicable to Rule 16 "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (internal quotation marks and footnote omitted). In this case, the scheduling order lays out one diligence requirement, explaining that, absent unforseen and unavoidable circumstances, eleventh-hour extension requests and motions will be denied. Scheduling Order (Doc. No. 29) at § 15(B). "If foreseeable eleventh-hour extension requests are inexcusable, a foreseeable extension request that comes over two months [or, in this case, nine

months] after a deadline is even more inexcusable," McClaney v. Macon County Bd. of Educ., 2011 WL 9015, at *3 (M.D. Ala. Jan. 3, 2011) (Thompson, J.), and that is precisely what we have here.

PSB submits that this motion to amend was prompted by information gathered while deposing key Farmer & Malone personnel. But PSB knew full well that it would not be deposing those witnesses until after the motion-to-amend deadline, and it provides no reason why it failed to ask the court to alter the deadline in order to accommodate the parties' discovery schedule.

Moreover, the nature of the proposed amendments counsels strongly against granting the motion. During the telephone conference on this matter, PSB freely admitted that no new evidence would be offered in this case as a result of the amendment and that no new claims against the defendants were being brought. Instead, PSB characterized the motion, as it did in its briefing to this court, as "merely" providing "more specific

statements of the general claims ... stated in the Complaint." Mot. for Leave to Amend Compl. (Doc. No. 70) at 5. Were that the case, there would be no need to amend at this late date and doing so would only assist defense counsel in preparing for the quickly approaching trial.

The fundamental change to the complaint appears to be, not the increased specificity about PSB's allegations, but rather the insertion of a new demand for punitive damages. There can be no doubt that such a demand, had it been made in a timely fashion, would have altered the strategic decisions Farmer & Malone made while preparing for trial. Its insertion into this case at the eleventh hour would therefore prejudice Farmer & Malone. Because PSB has offered this court no compelling justification for its delay in filing its motion to amend and because granting that motion would unduly prejudice the defendant, the motion must be denied.

***

For the foregoing reasons, it is ORDERED that plaintiff PeoplesSouth Bank's motion for leave to amend its complaint (doc. no. 70) is denied.

DONE, this the 8th day of May, 2012.

                                     /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**